Filed 8/17/21  Paula v. Lutteroth CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| EDWARD PAULA et al., | D077995 |
| Cross-complainants and Appellants, | |
| v. | (Super. Ct. No. 37-2018-00062910-CU-FR-CTL) |
| GABRIELA LUTTEROTH et al., | |
| Cross-defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Sharif Faust Lawyers, Matthew J. Faust, Blake W. Berger and Philip J. Cavello for Cross-complainants and Appellants.

Law Office of Cindy A. Brand, Cindy A. Brand; Law Office of Esther Fraser and Esther Fraser for Cross-defendants and Respondents.

Edward Paula and Paula Development, Inc. (together Paula) appeal from an order of the superior court striking the causes of action for breach of contract and for declaratory relief from their cross-complaint against

Gabriela Lutteroth and Carlos Lutteroth (together the Lutteroths[1]). The court concluded that the two causes of action were a "SLAPP" and struck them pursuant to Code of Civil Procedure section 425.16 (§ 425.16; at times, anti-SLAPP statute).[2] The court reached this decision after ruling that the Lutteroths met their initial burden of establishing that the two claims were based on their constitutionally protected activity of filing a lawsuit and that Paula did not meet his responsive burden of showing a probability of prevailing on either of the claims.

On appeal, Paula has not established reversible error. Thus, following our de novo review, we will affirm the order in which the court struck the two causes of action.

## I. UNDERLYING LEGAL STANDARDS

Section 425.16, subdivision (b)(1) provides in full: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The anti-SLAPP statute "shall be construed broadly." (§ 425.16, subd. (a).)

---

[1] Gabriela Lutteroth and Carlos Lutteroth, who are married, share a surname. Where necessary to differentiate between them, we shall refer to them by their first names. In doing so, we intend no disrespect.

[2] " ' "SLAPP" is an acronym for "strategic lawsuit against public participation." ' " (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 938, fn. 5.) The anti-SLAPP statute, section 425.16, sets forth the standards and the procedure for striking a cause of action in a SLAPP. (*Sweetwater Union*, at p. 940.)

2

The two causes of action at issue in this appeal are in Paula's cross-complaint. For purposes of an application of the anti-SLAPP statute, " 'complaint' includes 'cross-complaint.' " (§ 425.16, subd. (h).)

In applying the anti-SLAPP statute, a court generally is required to engage in a two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) "If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Ibid.*)

For purposes of the first step (or prong), a " 'cause of action . . . aris[es] from' " protected conduct for purposes of section 425.16, subdivision (b)(1), when it is "based on" such conduct. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) A cross-defendant meets the burden of demonstrating that the cross-complainant's cause of action (or claim) is based on protected conduct, if the conduct " 'fits one of the [four] categories spelled out in section 425.16, subdivision (e).' " (*City of Cotati*, at p. 78.) In deciding this issue, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability . . . is based." (§ 425.16, subd. (b)(2).)

For purposes of the second step (or prong), the party opposing the anti-SLAPP motion must establish that the elements of the challenged claim(s) are " ' "supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the [party opposing the motion] is credited." ' " (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820 (*Oasis West Realty*).) In making this showing, the party opposing the motion cannot rely on the allegations in the complaint, but must present *evidence* that would be admissible at trial. (*San Diegans*

3

*for Open Government v. San Diego State University Research Foundation* (2017) 13 Cal.App.5th 76, 107 (*San Diegans for Open Government*); *Alpha and Omega Development, LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 664.)  When considering the evidence submitted, the court does not weigh it or make credibility determinations; rather, the court accepts as true the opposing party's evidence, and inferences from this evidence, and evaluates the moving party's evidence only to determine if it has defeated the opposing party's evidence as a matter of law.  (*Baral*, *supra*, 1 Cal.5th at pp. 384-385, 391.)

" 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' " (*Oasis West Realty*, *supra*, 51 Cal.4th at p. 820.)

"We review de novo the grant or denial of an anti-SLAPP motion." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 (*Park*).)

## II.  FACTUAL AND PROCEDURAL BACKGROUND[3]

The two causes of action which the trial court struck were in Paula's cross-complaint.  Thus, we have the benefit of the allegations in the Lutteroths' second amended complaint (the complaint) and Paula's cross-complaint.  However, as in most anti-SLAPP appeals, since this case is before us at the initial pleading stage, there is little evidence in the record.

---

[3]  We have disregarded all factual statements in the parties' appellate briefs that are presented without accurate record references (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1079; Cal. Rules of Court, rule 8.204(a)(1)(C)); and there are many.

Without introducing each factual recitation with "Paula alleges in the cross-complaint . . ." or "the Lutteroths allege in the complaint . . . ," we do not imply the existence of factual findings or substantial evidence in support of factual findings. We merely present the allegations based on the pleadings for the purpose of ruling on the legal issues presented in this appeal. Where necessary—namely, for prong two purposes in part III.B., *post*—we will identify *the evidence* presented and clarify when we are referring to *evidence* as opposed to allegations.

A.    *The Complaint*

The complaint was filed by "Gabriela Lutteroth, individually" and "Carlos M. Lutteroth L. and Gabriela Peredo C., co-trustees of the Lutteroth Family Trust dated April 14, 2009" (together Plaintiffs). We understand Gabriela, individually, to be one of the respondents in this appeal; the parties tell us nothing about the identities of the co-trustees or the trust. The defendants are Edward Paula and Paula Development, Inc. (previously identified as "Paula").

The claims relate exclusively to the financing and construction for the residential real property at 2906 Gate Fourteen Place, Chula Vista, California, owned by the Lutteroth Family Trust (Gate 14 Property). The pertinent allegations in the complaint include:

> "Plaintiff's [*sic*] relied on the promises of [Paula] that [he] would supervise the construction project and work with [the original contractor] and [the construction lender] to construct the improvements on the Gate [14 P]roperty for the benefit of the Plaintiffs and in that context would use [his] best efforts and skills to protect the Plaintiff's [*sic*] interest in relation to the construction project."

> "In 2017 Plaintiffs discovered that [Paula] had breached the[ ] obligations owed to Plaintiff [*sic*] under the

5

Agreement[4] by diverting funds to and accepting kick back [*sic*] payments from [the original contractor] totaling at [*sic*] $394,000.00. As a result of the payments from [the original contractor] to [Paula], . . . [¶] . . . Plaintiffs ha[ve] been damaged as a result of [Paula's] breach of the Implied In Fact Contract between the parties in an amount believed to be in excess of $394,000.00."

Based principally on these allegations, Plaintiffs allege three causes of action against Paula: breach of contract; breach of fiduciary duty; and fraudulent concealment.

B.    *The Cross-complaint*

Paula filed a cross-complaint against Gabriela and Carlos, in their individual capacities (previously identified as "the Lutteroths"), and Arturo Rodriguez. Paula alleged causes of action for slander per se, breach of contract, and declaratory relief against the Lutteroths.[5] Like Plaintiffs' claims against Paula in the complaint, Paula's claims against the Lutteroths for breach of contract and declaratory relief relate exclusively to the Gate 14 Property.

During the course of construction of the Gate 14 Property, the Lutteroths discovered that the original contractor was "overcharging for change orders not provided for under [t]he [construction] [c]ontract, and had falsified invoices and receipts. As a result, . . . the Lutteroths terminated

---

4    Plaintiffs earlier described the "Agreement" as a settlement agreement, negotiated by Paula, "between Plaintiff, Gabriela Lutteroth, and [the original contractor] whereby [the original contractor] became obligated to reimburse Plaintiff, Gabriela Lutteroth[,] in the amount of $170,220.59."

5    Against Rodriguez, Paula also alleged causes of action for slander per se, breach of contract, and declaratory relief. Neither these claims against Rodriguez nor the slander per se causes of action against the Lutteroths are at issue in this appeal.

[t]he [construction] [c]ontract and entered into a settlement agreement with the [original contractor.]"[6]  (See fn. 4, *ante*.)

The original contractor for the construction of the Gate 14 Property also had construction contracts with Paula for other jobs.  When Paula learned of the overcharges on the Gate 14 Property and the Lutteroths' termination of the original contractor, Paula fired that contractor on the other jobs as well.

Paula hired cross-defendant Rodriguez to help complete the other projects, and the Lutteroths hired Rodriguez to help finish the construction of the Gate 14 Property.[7]

Based on what Paula contends are "lies" that Rodriguez had told Gabriela—namely, "that [Paula] had stolen money from the Lutteroths during the construction of [t]he [Gate 14] Property"—"the Lutteroths became convinced that [Paula] had defrauded them."  While denying his participation in the alleged fraud, Paula nonetheless "attempted [to] resolve the matter informally."  The relevant allegations concern what Paula describes as "an oral settlement agreement":

> "In or about March of 2018, [the Lutteroths] and [Paula] entered into an oral settlement agreement, which provided for *a release of any and all potential claims, rights, and liabilities against [Paula] relating to the [Gate 14] Property* in exchange for [Paula] signing over the[ ] ownership interests in [two limited liability companies] to the Lutteroths."  (Italics added.)

---

[6]    In the complaint, Plaintiffs allege that Paula, not the Lutteroths, terminated the original contractor and negotiated the settlement.

[7]    In the complaint, Plaintiffs allege that Paula "located" Rodriguez "to complete construction of the [Gate 14 Property]."

Paula's two causes of action against the Lutteroths at issue in this appeal—i.e., breach of contract and declaratory relief—are based on the March 2018 oral agreement. In both, Paula seeks relief based on the release that he alleges is part of the agreement.

C.     *The Anti-SLAPP Motion*

In response to Paula's cross-complaint, the Lutteroths filed an anti-SLAPP motion as to all of the causes of action against each of them—slander per se, breach of contract, and declaratory relief. Consistent with the requirements of the anti-SLAPP statute (§ 425.16, subds. (b)(1), (e)(1), (e)(2)), the Lutteroths argued both that the actions complained of by Paula were in furtherance of the Lutteroths' constitutional right to petition (either in connection with or before a judicial proceeding—i.e., the filing the complaint in this action) and that Paula could not establish a probability of prevailing on any of the causes of action. In support of their motion, the Lutteroths submitted a memorandum of points and authorities and three declarations (one each from Gabriela, Carlos, and their attorney).

Paula opposed the Lutteroths' anti-SLAPP motion. Procedurally, Paula argued that the court should deny the motion because the Lutteroths "failed to meet and confer." Substantively, Paula argued both that the Lutteroths' statements at issue in the cross-complaint were not made in furtherance of the constitutional right to petition and that, in any event, he is likely to prevail on the claims in the cross-complaint. In support of the opposition, Paula submitted a memorandum of points and authorities, four declarations (one each from Edward Paula, two witnesses to statements from Rodriguez, and Paula's attorney), and six exhibits.

8

In reply to Paula's opposition, the Lutteroths filed a memorandum of points and authorities, a declaration from counsel, an exhibit, and objections to some of the evidence Paula submitted in support of the opposition.

Prior to oral argument, the court issued a tentative ruling, and at the hearing, the court allowed both counsel to respond. At the conclusion of the hearing, the court confirmed its tentative ruling. After ruling on the Lutteroths' evidentiary objections,[8] the court granted in part and denied in part the Lutteroths' motion. The court struck the causes of action for breach of contract and declaratory relief and allowed the two causes of action for slander per se to proceed.[9] The court also concluded that the Lutteroths were entitled to reasonable attorney fees and costs as the prevailing parties.

---

[8]  There are no issues on appeal as to any of the evidentiary rulings.

[9]  On appeal, Paula's attorney tells us that, at the hearing, the trial court "spent the lion's share of the hearing on [a motion for sanctions being heard at the same time] and *neglected [Paula's counsel's] arguments against [the Lutteroths' anti-SLAPP Motion] altogether*." Notably, Paula's attorney provides no record reference for this statement. Moreover, as we explain, our independent review of the reporter's transcript confirms that counsel's hyperbole is unfounded and unwarranted.

The purpose of the hearing was not, as counsel implies, for the court to explain its four-page tentative ruling which had been given to counsel prior to the hearing; rather, the purpose was to allow *counsel* to argue the client's case, having received the benefit of the court's tentative ruling. In this regard, on at least three occasions, the court expressly invited *counsel* to raise the issues *counsel* wanted to argue based on the court's tentative. Finally, in the end, the court agreed with counsel and denied the Lutteroths' anti-SLAPP motion as to two of the four causes of action to which the motion was directed.

D. *The Appeal*

Paula timely appealed from the order granting in part and denying in part the Lutteroths' anti-SLAPP motion. (Code Civ. Proc., §§ 904.1, subd. (a)(13), 425.16, subd. (i).)

## III. DISCUSSION

Because the trial court's order is presumed correct, Paula (as the appellant) has the burden of affirmatively establishing reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Paula argues that the trial court erred in striking both the breach of contract and the declaratory relief causes of action. More specifically, he contends that neither of the causes of action arises from protected activity and, in the event this court rules otherwise, that he met the responsive burden of showing a probability of prevailing on each of the causes of action. As we explain, Paula did not meet his burden of establishing trial court error as to its ruling on either prong.[10]

A. <u>*Prong One*</u>: *The Lutteroths Met Their Initial Burden of Establishing that the Two Causes of Action Arise from Constitutionally Protected Activity*

Section 425.16, subdivision (b)(1) protects a person's constitutional right of petition in connection with a public issue. Section 425.16, subdivision (e) sets forth four categories of acts in furtherance of such

---

[10] Paula also argues for a reversal of that portion of the trial court's order finding the Lutteroths to be the prevailing parties (and, thus, entitled to reasonable attorney fees and costs). However, having raised this issue for the first time in his reply brief—indeed, in the final pages of his reply brief—Paula forfeited appellate review of the issue. (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 518 ["By not raising this in its opening brief, the [appellant] has forfeited the point"].)

right.[11]  Here, the trial court ruled that the Lutteroths met their initial burden of establishing that Paula's filing of both the breach of contract and the declaratory relief claims arise from protected activity for purposes of the anti-SLAPP statute, since protected activity includes "a 'statement or writing made before a . . . judicial proceeding.' " (Quoting § 425.16, subd. (e)(1).)

The court based its ruling on the allegations in the cross-complaint in which Paula contends that, in or around March 2018, he and the Lutteroths entered into an oral settlement agreement of all claims related to the Gate 14 Property.  More specifically, the court relied on paragraph 61 of the cross-complaint, in which Paula alleges in full:

> "[The Lutteroths] breached the oral settlement agreement
> *by filing the instant lawsuit*, alleging claims which all
> relate to the [Gate 14 Property]." (Italics added.)

Paula could not have been more clear:  He filed the causes of action for breach of the agreement and for a declaration of the parties' rights and obligations under the agreement *in direct response to the "filing* [*of*] *the instant lawsuit*." (Italics added.)  As we explain, because the filing of the Lutteroths' lawsuit forms the bases of both the breach of contract and the declaratory relief causes of action in the cross-complaint, the trial court ruled correctly:  Paula's

---

[11]    In part, section 425.16, subdivision (e) provides:  "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) . . . , (3) . . . , or (4) . . . ." Where, as here, the party filing the anti-SLAPP motion contends that the activity is constitutionally protected under subdivision (e)(1)—as a statement made in a judicial proceeding—there is no requirement that the statement be made in connection with a public issue. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1116 (*Briggs*).)

11

causes of action for breach of contract and declaratory relief arise from protected activity under subdivision (e)(1) of the anti-SLAPP statute.

As our Supreme Court ruled almost 20 years ago, "A claim for relief filed in . . . court indisputably is a 'statement or writing made before a . . . judicial proceeding' " for purposes of section 425.16's prong one determination whether a cause of action arises from protected activity. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 90 (*Navellier*) [citing § 425.16, subd. (e)(1)].) That is because " ' "[t]he constitutional right to petition . . . includes the basic act of filing litigation." ' " (*Briggs, supra,* 19 Cal.4th at p. 1115; accord, *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1538-1539 [" 'filing a lawsuit is an exercise of a party's constitutional right of petition' "].) As our Supreme Court more recently explained: "[A] claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity . . . . Rather, a claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Park, supra*, 2 Cal.5th at pp. 1060-1061.)

Here, Paula's claims did not merely *follow* the Lutteroths' protected activity of filing the underlying action. As the cross-complaint expressly provides, the alleged breach of contract and, therefore, the claims alleged in the cross-complaint, are based exclusively on, and thus *arise from,* "the filing [of] the instant lawsuit" by the Lutteroths—i.e., activity protected by the anti-SLAPP statute. (Cf. *Third Laguna Hills Mutual v. Joslin* (2020) 49 Cal.App.5th 366, 373 ["The fact that an activity protected by the anti-SLAPP statute may have triggered a lawsuit does not necessarily mean that the causes of action *arose from* the protected activity."].)

12

Applying language from the above-cited Supreme Court authorities to the present case, "[B]ut for the [Lutteroths'] lawsuit and [the Lutteroths'] alleged actions taken in connection with that litigation, [Paula's] present [cross-]claims would have no basis. This [cross-complaint] therefore falls squarely within the ambit of the anti-SLAPP statute's 'arising from' prong." (*Navellier*, *supra*, 29 Cal.4th at p. 90, quoted in *Park*, *supra*, 2 Cal.5th at p. 1063.)

Paula's arguments to the contrary are not convincing.

Paula tells us that his "grievance is not the act of [the Lutteroths] filing a lawsuit. Rather, [Paula] filed a Cross-Complaint because [he] had foregone valuable consideration without the benefit of the[ ] bargain." Given that, in the cross-complaint, Paula alleges this "valuable consideration" to be that he agreed to "sign[ ] over [his] ownership interests in [two identified limited liability companies] to the Lutteroths" in exchange for "a release of any and all potential claims, rights, and liabilities against [Paula] relating to the [Gate 14] Property," Paula's only "grievance" is the Lutteroths' filing of their action. In any event, based on Paula's express allegation—*viz.*, that the Lutteroths "breached the oral settlement agreement *by filing the instant lawsuit*" (italics added)[12]—we reject Paula's attempt to establish that the breach of contract and declaratory relief causes of action arose from any other conduct.

---

[12] Paula confirmed this allegation in his opening brief on appeal. In attempting to establish a sufficient prima facie showing of facts to sustain a favorable judgment (under the second prong of the anti-SLAPP analysis), Paula explains: *"By filing their lawsuit against* [*Paula*] while retaining the LLC's, [the Lutteroths] breached their agreement, and caused [Paula] to suffer damages." (Italics added.)

Paula relies on *Delois v. Barrett Block Partners* (2009) 177 Cal.App.4th 940 (*Delois*) for the proposition that, where a settlement agreement is reached prior to any litigation having been filed, a later lawsuit alleging breach of the agreement and declaratory relief (and related torts) does not arise from protected activity. (*Id.* at pp. 948-949.[13]) *Delois* is inapplicable. In *Delois*, the plaintiff did not file the lawsuit until *after* the defendants allegedly failed to perform their obligations under the settlement agreement. (*Id.* at p. 943.) By contrast, here the alleged breach of the settlement agreement is the Lutteroths' filing of the lawsuit; and Paula asserted the cross-complaint *solely* because of and in response to the Lutteroths' complaint.

With regard to the declaratory relief cause of action, Paula additionally relies on *City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301 for the proposition that, just because a claim for declaratory relief follows constitutionally protected activity (in *D'Ausilio*, participation in demonstrations or protests) does not mean that the claim *arises from* the constitutionally protected activity for anti-SLAPP purposes. (*Id.* at p. 1307.) In *D'Ausilio*, the plaintiff city sued the defendant individual for: (1) breach of a settlement agreement between the plaintiff and the defendant from prior litigation that involved alleged civil rights violations, after the defendant later participated in public demonstrations against the city; and (2) declaratory relief regarding the scope and enforceability of the settlement agreement. (*Id.* at pp. 1303-1305.) The defendant moved to strike

---

13     Paula's opening brief contains an eight-line block quotation which Paula attributes to *Delois*, *supra*, 177 Cal.App.4th at page 948. We have ignored the last two and a half lines of the block quotation, since the opinion does not contain language close to what Paula quotes in his brief.

the declaratory relief cause of action under the anti-SLAPP statute, arguing for prong one purposes that the claim arose from protected activity—namely, the demonstrations. (*Id.* at p. 1307.) The appellate court affirmed the trial court's denial of the motion, ruling in relevant part that the plaintiff's cause of action for declaratory relief did not arise from the demonstrations—i.e., the protected activity. (*Ibid.*) Instead, the claim arose from the defendant's actions which the plaintiff alleged to be a breach of the settlement agreement, resulting in a dispute as to the scope and validity of the agreement. (*Id.* at p. 1308.) By contrast, here, Paula expressly alleges that his declaratory relief claim arises from the Lutteroths' "filing [of] the instant lawsuit"; and, as we concluded *ante*, the Lutteroths' filing of this action is constitutionally protected activity for purposes of the anti-SLAPP statute.

For the foregoing reasons, in our de novo review of the prong one issue, we conclude that Paula did not meet his burden on appeal of establishing trial court error. Thus, we proceed to the prong two analysis with the understanding that Paula's causes of action in the cross-complaint for breach of contract and declaratory relief arise from constitutionally protected activity for purposes of section 425.16, subdivision (b)(1).

B.  *Prong Two: Paula Did Not Meet His Responsive Burden of Presenting Evidence of a Prima Facie Case Against the Lutteroths in Either of the Two Causes of Action*

The inquiry into whether Paula stated "legally sufficient" claims and made a "prima facie factual showing" requires an analysis of whether Paula presented competent, admissible evidence sufficient to sustain a favorable judgment on each of the challenged causes of actions. (*Baral, supra*, 1 Cal.5th at pp. 384-385; *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.)

1. *Breach of Contract*

Paula argues that he met his prong two burden of demonstrating the merit of his breach of contract cause of action based on: (1) the allegations in his cross-complaint;[14] (2) the presentation in his memorandum of points and authorities in opposition to the Lutteroths' anti-SLAPP motion; and (3) the evidence in his opposition to the Lutteroths' anti-SLAPP motion. We disagree.

First, because a party opposing an anti-SLAPP motion is "required to submit 'competent and admissible evidence' establishing a prima facie case," Paula may not rely on the allegations in his cross-complaint. (*San Diegans for Open Government*, *supra*, 13 Cal.App.5th at p. 107.) "[T]he allegations of even a verified [cross-]complaint cannot establish probability of success on the merits under the anti-SLAPP statute." (*Id.* at p. 108, fn. 19.) This is because "an assessment of the probability of prevailing looks to trial, and the evidence that would be admissible to create triable factual issues at that time." (*Id.* at pp. 108-109.)

Second, for similar reasons, Paula may not rely on the arguments in the memorandum of points and authorities in support of his opposition to the anti-SLAPP motion. Where, as here, *evidence* is necessary to establish a fact, reliance on pleadings or arguments is insufficient. (*In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11 ["the unsworn statements of counsel are not evidence"]; *Davenport v. Blue Cross of California* (1997) 52 Cal.App.4th 435,

---

14 Actually, Paula tells us that the allegations he is relying on are found in the "Second Amended Complaint," but since the record reference Paula supplies is to his cross-complaint, we assume that Paula meant the cross-complaint.

454 ["unsworn averments in a memorandum of law prepared by counsel do not constitute evidence"].)

Finally, as a matter of law, the evidence Paula submitted in opposition to the anti-SLAPP motion—which, along with reasonable inferences, we accept as true (*Baral, supra,* 1 Cal.5th at pp. 385, 391)—does not establish a prima facie case for breach of an oral contract as Paula alleged in the cross-complaint. "The elements of a breach of oral contract claim are the same as those for a breach of written contract: a contract; its performance or excuse for nonperformance; breach; and damages." (*Stockton Mortgage, Inc. v. Tope* (2014) 233 Cal.App.4th 437, 453.) As to the first element, the existence of a contract requires a showing of: "[p]arties capable of contracting"; "[t]heir consent"; "[a] lawful object"; and "[a] sufficient cause or consideration." (Civ. Code, § 1550; see *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 789 [anti-SLAPP appeal].)

On appeal, Paula relies on the following testimony from the declaration of Edward Paula to establish all of the elements of his cause of action for breach of contract against the Lutteroths:

> "Specifically, [the Lutteroths and Rodriguez] said that I stole money from them in connection with the building of [the Gate 14 Property]. . . . [¶] . . . [¶] . . . During this time, I agreed to transfer my shares in two LLC's to the Lutteroths to globally resolve our issues. Unfortunately, the Lutteroths sued me anyway in violation of our agreement."

This evidence does not mention, let alone establish, Paula's performance (or excuse for nonperformance); i.e., Paula's *agreement* to transfer shares is not evidence of a transfer (or excuse for not transferring) the shares. Nor does this evidence establish damages. In addition, based on the statement that "*the Lutteroths* sued *me* . . . in violation of *our* agreement" (italics added), we may infer that the parties to the alleged agreement are Edward Paula and

17

the Lutteroths; however, that inference does not include evidence of any of the parties' capability of contracting or consent for purposes of Civil Code section 1550.  In short, the evidence on which Paula relies does not establish *either* the existence of a contract *or* (even if we were to assume a contract) the elements necessary to establish a breach.

Thus, in our de novo review of the prong two issue on the breach of contract claim, we conclude that Paula did not meet his responsive burden of demonstrating the merit of the claim by establishing a probability of success. Stated differently, Paula did not make a sufficient prima facie showing of facts to sustain a favorable judgment for breach of contract.

2.      *Declaratory Relief*

The elements of a cause of action for declaratory relief include:  " '(1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party.' "  (*Lee v. Silveira* (2016) 6 Cal.App.5th 527, 546; see Code Civ. Proc., § 1060.)

For purposes of his prong two burden under the anti-SLAPP statute, Paula tells us that he "made a prima facie showing to sustain a favorable judgment" on the declaratory relief claim.  The entirety of Paula's prima facie showing consists of the statement:  "The parties filed competing declarations regarding the settlement agreement and its' [*sic*] validity, thereby demonstrating that a controversy exists as to the parties' obligations under the agreement."

This statement—which, we note, lacks any record reference for the testimony in the allegedly "competing declarations"—is necessarily insufficient, since it does not contain (or directly refer to) " 'competent and admissible evidence' establishing a prima facie case.' "  (*San Diegans for Open Government*, *supra*, 13 Cal.App.5th at p. 107)  In any event, the "actual

18

controversy" for which Paula seeks a declaration of "rights and duties" is the scope of the same alleged oral agreement that forms the basis of Paula's breach of contract claim. Since, as we just concluded at part III.B.1., *ante*, Paula did not present evidence of a prima facie case of the existence of an oral agreement, Paula necessarily failed to present evidence sufficient to seek a declaration of rights and duties under the alleged contract. (See *International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union No. 389 v. Bekins Van & Storage Co.* (1955) 135 Cal.App.2d 692, 697 [without a potentially enforceable contractual right, "declaratory relief will not lie"].)

Thus, in our de novo review of the prong two issue on the declaratory relief cause of action, we conclude that Paula did not meet his responsive burden of demonstrating the merit of the claim by establishing a probability of success. Stated differently, Paula did not make a sufficient prima facie showing of facts to sustain a favorable judgment for declaratory relief.

## IV.  DISPOSITION

The order granting the Lutteroths' anti-SLAPP motion in part (by striking the causes of action against the Lutteroths for breach of contract and declaratory relief in Paula's cross-complaint) and denying the motion in part is affirmed.  The Lutteroths are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


IRION, Acting P. J.

WE CONCUR:



DATO, J.



GUERRERO, J.